**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Hamblen,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Gharibco Enterprises, LLC,<br><br>　　　　Defendant. | No. CV 07-2197-PHX-JAT<br><br>**ORDER** |

Plaintiff Gary Hamblen claims that Defendant Gharibco Enterprises, LLC ("Gharibco") discriminated against him on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq.[1]  Gharibco has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will grant Gharibco's motion.

**I.    Background**

The relevant allegations in the complaint are as follows: Hamblen is a disabled individual who requires a wheelchair for mobility.  Gharibco operates, owns, or leases a shopping center (i.e., a place of public accommodation).  At this shopping center, Hamblen

---

[1] Hamblen also asserts an identical state-law claim under the Arizonans with Disabilities Act ("AzDA"), A.R.S. §§ 41-1492 et seq. Although the Court only discusses the ADA claim in the body of this order, the Court's discussion is equally applicable to the AzDA claim. Compliance with Title III and its implementing regulations equals compliance with the AzDA. *See* A.R.S. § 41-1492.06(B).

encountered a number of architectural barriers that do not comply with the ADA Accessibility Guidelines ("ADAAG").[2]

Gharibco contends that these allegations, taken as true, are factually insufficient to meet the pleading requirements of Federal Rule of Civil Procedure 8(a).

## II.   Legal Standard

The Federal Rules of Civil Procedure embrace a notice-pleading standard. All that is required to survive a Rule 12(b)(6) motion is "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In pleading the grounds of the claim, the plaintiff need not provide "detailed factual allegations," *id.*; however, the plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.* at 1965. Factual allegations that are consistent with lawful conduct are insufficient to state a claim. *Id.* at 1966. Such allegations are neutral and do not suggest "plausible liability" on the claim. *See id.* at 1966 n.5 (recognizing a line "between the factually neutral and the factually suggestive," which "must be crossed to enter the realm of plausible liability").[3]

---

[2] The complaint contains a number of specific examples of the "most obvious barriers" that Hamblen allegedly encountered. [Doc. # 1 ¶ 19.]

[3] Hamblen bases his entire response to Gharibco's motion to dismiss on the wrong legal standard. Hamblen argues that "[a] court may not dismiss a claim under Fed. R. Civ. P. 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" [Pl.'s Response (Doc. # 12) at 2 (quoting *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).] As the *Twombly* Court stated, this "phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." 127 S. Ct. at 1969. Rather than stating "the minimum standard of adequate pleading to govern a complaint's survival," this phrase "describe[s] the breadth of opportunity to prove what an adequate complaint claims." *Id.*

**III.    Discussion**

The presence of non-ADAAG-compliant architectural barriers in a place of public accommodation violates Title III only if (1) removal of the barriers is "readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv) (2005), or (2) the public accommodation is required to make its facility "readily accessible to and usable by individuals with disabilities."[4] *Id.* § 12183(a). A plaintiff makes the latter showing by proving that the public accommodation's facility was "designed and constructed for first occupancy after January 26, 1993," 28 C.F.R. § 36.401, or has undergone alterations since January 26, 1992. *Id.* § 36.402.

Although Hamblen alleges that he encountered non-ADAAG-compliant architectural barriers in Gharibco's shopping center, he does not allege that removal of the barriers is readily achievable, that the shopping center was built after January 26, 1993, or that the shopping center has been altered since January 26, 1992.[5] As a result, Hamblen's right to relief under Title III is a matter of speculation. On the face of the complaint, the alleged architectural barriers on Gharibco's property are just as likely to comply with the law as they are to violate it—that is, the allegations in the complaint are factually neutral. Hamblen therefore has failed to plead enough facts to nudge his Title III claim "across the line from conceivable to plausible." *Twombly*, 127 S. Ct. at 1974.

---

[4] A facility is "readily accessible" only if it complies with the ADAAG. 28 C.F.R. § 36.406(a) (2007). Thus, if Gharibco's property is subject to the "readily accessible" standard, then Hamblen has shown plausible liability on his Title III claim by alleging that the property contains non-ADAAG-compliant architectural barriers.

[5] In his response to Gharibco's motion, Hamblen states that the Complaint alleges "that alterations have occurred at the property." [Doc. # 12 at 7 n.1.] But this allegation is simply untrue. Paragraph 24 of the complaint merely states: "*If* this property was constructed or altered since 1992, Defendant is required to adhere strictly to the [ADA Accessibility Guidelines]." [Doc. # 1 ¶ 24 (emphasis added).] This is an accurate statement of the law, not a factual allegation that Gharibco's property has been altered.

1 Accordingly,

2 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 11) is **GRANTED**.

3 DATED this 4th day of June, 2008.

_____
James A. Teilborg
United States District Judge

- 4 -