1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Gary Hamblen,                         )   No. CIV 07-02197-PHX-JAT
                                         )
10            Plaintiff,                  )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
   Gharibco  Enterprises,  LLC  dba)
13  Thunderbird Plaza; et al.,           )
                                         )
14            Defendants.                 )
                                         )
15  _____)

16

17

18          Plaintiff Gary Hamblen ("Hamblen") claims he was denied his right to file an

19  amended complaint under Federal Rules of Civil Procedure 15(a) before his action was

20  dismissed by the Court.  Accordingly, Hamblen has filed a motion to set aside the judgment

21  and to file an amended complaint (Doc. # 20).  For the following reasons, the Court will

22  grant Hamblen's motions.

   **I.    Background**
23
           Defendant Gharibco Enterprises, LLC ("Gharibco") filed a motion to dismiss for
24
   failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Court
25
   granted Gharibco's motion to dismiss and simultaneously dismissed Hamblen's action on
26
   June 4, 2008, resulting in a final judgment.
27

28

1       Hamblen contends that under Rule 15(a) he was permitted, as a matter of course, to

2  amend his complaint before dismissal of the action.  Hamblen further contends that, due to

3  the Court's simultaneous granting of Gharibco's motion to dismiss and entry of judgment,

4  he was improperly denied this opportunity.  Hamblen requests that this Court set aside the

5  judgment under Federal Rule of Civil Procedure 59(e) or 60(b).  Hamblen further requests

6  that he be allowed to remedy the deficiencies which resulted in the Rule 12(b)(6) motion by

7  filing an amended complaint.

8  **II.**     **Legal Standard**

9       The Court may grant a motion to set aside a judgment under Rule 59(e) "if the

10  district court (1) is presented with newly discovered evidence, (2) committed clear error

11  or the initial decision was manifestly unjust, or (3) if there is an intervening change in

12  controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d

13  1255, 1263 (9th Cir. 1993).

14  **III.**    **Discussion**

15       Hamblen contends that the Court erred  by rendering a final judgment without

16  providing him the opportunity to amend his complaint.  Hamblen further contends that

17  this action satisfies the "clear error" requirement of Rule 59(e).

18       The right to amend a complaint "as a matter of course" is provided in Rule 15(a).

19  Rule 15(a)(1) expressly mentions only two events which terminate this right.  The first

20  event is upon being served with a responsive pleading.  A responsive pleading was never

21  filed by Gharibco.[1]  The second event is the passing of "20 days after serving the pleading

22  if a responsive pleading is not allowed and the action is not yet on the trial calendar."  A

23  responsive pleading was allowed in this case.  Therefore, Hamblen's right to amend as a

24  matter of course under Rule 15(a) was not terminated at the time the Court dismissed his

25  complaint under Rule 12(b)(6).

26

27

       [1] A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a).

28  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

1    In the Ninth Circuit, when a complaint is dismissed under Rule 12(b)(6) and the

2  claimant still possesses the right to amend as a matter of course under Rule 15(a), the

3  district court must give the claimant an opportunity to exercise this right before

4  dismissing the action.  *See Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787,

5  789 (9th Cir. 1963) ("Neither the filing nor granting of [a 12(b)(6)] motion before answer

6  terminates the right to amend [under Rule 15(a)]; an order of dismissal denying leave to

7  amend at that stage is improper, and a motion for leave to amend (though unnecessary)

8  must be granted if filed.").  This opportunity need not be a sua sponte granting of an

9  explicit leave to amend.  Instead, the district court can simply provide a reasonable

10  amount of time between the granting of a 12(b)(6) motion and the dismissal of the action

11  for the claimant to exercise its 15(a) right.  Here, however, the Court did neither, and

12  Hamblen was denied the opportunity to exercise his right to amend as a matter of course.

13  Denying Hamblen this opportunity was clear error.

14    Accordingly,

15    **IT IS ORDERED** that Plaintiff's Motion to Set Aside Judgment and Motion to

16  File Amended Complaint (Doc. # 18) is **GRANTED**.  The Clerk of Court shall file the

17  lodged amended complaint at Doc. # 20.  Defendants shall have 20 days from the date of

18  this order to answer or otherwise respond.

19    DATED this 5th day of September, 2008.

20

21

22

23  _____
     James A. Teilborg
24     United States District Judge

25

26

27

28

- 3 -